UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-11547-ODW (ASx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | *Benjamin Brayfield v. Advanced Hair Restoration, LLC* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Daniel Torrez | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **In Chambers**

Presently before the Court is Defendant Advanced Hair Restoration, LLC's Motion to Dismiss. (Mot. Dismiss, Dkt. No. 14.)

Under Local Rule 7-3, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Local Rule 7-3 further requires that the conference take place "at least 7 days prior to the filing of the motion." To ensure compliance, the Local Rule requires that counsel "include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue." Finally, the Local Rule warns that "[f]ailure to include such a declaration may result in the motion being denied."

"Compliance with the Local Rules is not optional, and Local Rule 7-3 does not include a futility exception." *Cerelux Ltd. v. Yue Shao*, No. 2:17-cv-02909-MWF (KSx), 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). The rule is of such importance that a district court may deny, strike, or decline to consider a party's motion for failing to comply with its requirements. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); C.D. Cal. L.R. 7-4.

Advanced Hair filed its Motion on March 6, 2026. However, it failed to include a declaration certifying compliance with Local Rule 7-3. Thus, the Court ordered Advanced Hair to show cause why the Court should not strike its Motion for failure to meet and confer. (Order

Show Cause, Dkt. No. 15.) The Court gave Advanced Hair an alternative option to *withdraw* its Motion and file an amended motion that complies with the Local Rules. (*Id.*)

Instead of showing cause or withdrawing its Motion and re-filing, Advanced Hair took a third option: it filed an Amended Motion that still failed to comply with the Local Rules. (Am. Mot. Dismiss, Dkt. No. 16.) In its Amended Motion, filed March 13, 2026, Advanced Hair's counsel stated that she contacted counsel on March 9, 2026. (Decl. Myriah V. Jaworski ISO Am. Mot. ¶ 2, Dkt. No. 16-1.) Notably, this means that only four days elapsed between the counsels' conference and Advanced Hair's filing of its Amended Motion, three days short of Local Rule 7-3's explicit seven-day requirement.

As Advanced Hair failed to comply with Local Rule 7-3, the Court **STRIKES** its Motion to Dismiss and Amended Motion to Dismiss. (Dkt. Nos. 14, 16.) Advanced Hair may re-file its Motion by **MARCH 23, 2026**. The Court reminds counsel that it is their duty to familiarize themselves with this Court's rules. *See* C.D. Cal. L.R. 83-2.1.2.2. Future failures to strictly comply with the Local Rules will result in denial with prejudice of the contemplated motion. *See* C.D. Cal. L.R. 7-4.

: 00

Initials of Preparer DT