CLARK HILL LLP
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
350 Tenth Avenue, Suite 1200
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

*Attorneys for Defendant*
*Advanced Hair Restoration, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BENJAMIN BRAYFIELD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ADVANCED HAIR RESTORATION, LLC,

Defendant.

Case No. 2:25-cv-11547-ODW-AS

Assigned to Hon. Otis D. Wright, II

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Hearing Date: April 20, 2026
Time: 1:30 p.m.
Ctrm: 5D

Complaint Filed: 12/04/2025

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. PLAINTIFF'S CLAIMS ARE TIME BARRED .......... 1

B. PLAINTIFF LACKS ARTICLE III STANDING .......... 3

C. PLAINTIFF'S ECPA CLAIM FAILS AS A MATTER OF LAW .......... 5

D. FAILURE TO ALLEGE SECOND PRONG VIOLATION .......... 6

E. PLAINTIFF'S § 631(a) AIDING & ABETTING CLAIM FAILS .......... 7

F. PLAINTIFF FAILS TO STATE A CLAIM UNDER CIPA § 632 .......... 8

G. NO CONSTITUTIONAL INVASION OF PRIVACY .......... 10

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.S. v. SelectQuote Ins. Servs.*, *2024 WL 3881850, at *11 (S.D. Cal. Aug. 2024)* ............ 9

*Benitez v. Cnty. of San Diego*, *2026 WL 252373 (S.D. Cal. Jan. 30, 2026)* ............ 5

*Botosan v. Paul McNally Realty*, *216 F.3d 827 (9th Cir. 2000)* ............ 9

*Brown v. Google LLC*, *685 F. Supp. 3d 909 (N.D. Cal. 2023)* ............ 5

*City of Los Angeles v. Lyons*, *461 U.S. 95 (1983)* ............ 5

*Cody v. Ring LLC*, *718 F. Supp. 3d 993 (N.D. Cal. 2024)* ............ 7

*D'Angelo v. FCA US, LLC*, *726 F. Supp. 3d 1179 (S.D. Cal. 2024)* ............ 1, 3

*Doe v. Eating Recovery Ctr. LLC*, *806 F. Supp. 3d 1109 (N.D. Cal. 2025)* ............ 7

*Doe v. Tenet Healthcare Corp.*, *789 F. Supp. 3d 814 (E.D. Cal. 2025)* ............ 6

*Erceg v. LendingClub Corp.*, *475 F. Supp. 3d 1071 (N.D. Cal. 2020)* ............ 9

*Esparza v. UAG Escondido A1 Inc.*, *2024 WL 3761293 (S.D. Cal. Aug. 2024)* ............ 8

*In re Facebook, Inc. Internet Tracking Litig.*, *956 F.3d 589 (9th Cir. 2020)* ............ 4, 5

*Flanagan v. Flanagan*, *27 Cal. 4th 766 (2002)* ............ 8

*Fox v. Ethicon Endo-Surgery, Inc.*,
*35 Cal. 4th 797 (2005)*.......... 2

*Gaige v. Exer Holding Co., LLC*,
*2025 WL 559719 (C.D. Cal. Jan. 2025)*.......... 2

*Heiting v. Taro Pharms. USA, Inc.*,
*728 F. Supp. 3d 1112 (C.D. Cal. 2024)* .......... 7

*Hill v. Nat'l Collegiate Athletic Ass'n*,
*7 Cal.4th 1 (1994)*.......... 10

*Hughes v. Vivint, Inc.*,
*2024 WL 5179916 (C.D. Cal. July 2024)*.......... 5

*Khamooshi v. Politico LLC*,
*786 F. Supp. 3d 1174 (N.D. Cal. May 2025)* .......... 4

*Lakes v. Ubisoft, Inc.*,
*777 F. Supp. 3d 1047 (N.D. Cal. 2025)* .......... 6

*Licea v. Cinmar, LLC*,
*659 F. Supp. 3d 1096 (C.D. Cal. 2023)* .......... 7

*Licea v. Vitacost.com, Inc.*,
*683 F. Supp. 3d 1118 (S.D. Cal. 2023)* .......... 9

*Mata v. Zillow Grp., Inc.*,
*2024 WL 5161955 (S.D. Cal. Dec. 2024)*.......... 8

*McGowan v. Weinstein*,
*505 F. Supp. 3d 1000 (C.D. Cal. 2020)* .......... 3

*In re Meta Pixel Healthcare Litig.*,
*647 F. Supp. 3d 778 (N.D. Cal. 2022)*.......... 10

*Mikulsky v. Noom, Inc.*
*682 F. Supp. 3d 855, (S.D. Cal. 20923)* .......... 4

*Nguyen v. Nissan N. Am., Inc.*,
*487 F. Supp. 3d 845 (N.D. Cal. 2020)*.......... 3

*Popa v. Microsoft Corp.*,
*153 F.4th 784, (9th Cir. 2025)* .......... 3, 4, 5

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024)............................................................ 6

*Ramirez v. LasikMD USA, Inc.*,
2026 WL194855, at *6-7 (C.D. Cal. 2026)....................................................... 4

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 2019)........................................................... 8

*Rodriguez v. Ford Motor Co.*,
2024 WL 4957566 (S.D. Cal. Dec. 2024)........................................................... 8

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 2021) ........................................................... 8

*Rusow v. SkinSpirit Essential LLC*,
2025 WL 4657637, at *12 (N.D. Cal. Oct. 15, 2025) ......................................... 4

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021)............................................................ 10

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024)........................................................... 8, 9

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016).......................................................................................... 3

*St. Aubin v. Carbon Health Techs., Inc.*,
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024)....................................................... 7

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F. Supp. 2d 1125 (C.D. Cal. 2011) ............................................................. 5

*Thomas v. Papa John's Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 2024)........................................................... 8

*TransUnion LLC v. Ramirez*,
594 U.S. 413, 424-26 (2021) .............................................................................. 3

*Turner v. Nuance Commc'ns, Inc.*,
735 F.Supp.3d 1169 (N.D. Cal. May 2024) ....................................................... 9

*United States v. Jesenik*,
702 F. Supp. 3d 1024 (D. Or. 2023).................................................................. 9

*Valenzuela v. Keurig Green Mountain, Inc.*,
*674 F. Supp. 3d 751 (N.D. Cal. 2023)* ........ *7*

*Yockey v. Salesforce, Inc.*,
*688 F. Supp. 3d 962 (N.D. Cal. 2023)* ........ *7*

**Statutes**

18 U.S.C. § 2511(2)(d) ........ 5

ECPA ........ 5

HIPAA ........ 9

Penal Code § 31 ........ 8

Penal Code § 631(a) ........ 7, 9

Penal Code § 632 ........ 8, 9, 10

**Other Authorities**

Article III ........ 1, 3, 5

Rule 12(b)(6) ........ 1

## I. INTRODUCTION

Plaintiff's Opposition does not cure the Complaint's fundamental defects. [See Opposition ("Opp.")]. Despite repeatedly asserting that Defendant disclosed "PII" and "health information," Plaintiff never points to well pled factual allegations demonstrating that he actually input that information into the website so that it could transmitted to the Third Parties. That failure is dispositive. Because Plaintiff alleges only the disclosure of routine, non-private information, his claims fail. *See* § II(B), *infra*.

Even if the Complaint could satisfy Article III, the claims are plainly time-barred. The Opposition points to no facts showing why earlier discovery of the claim was not possible, and what changed that eventually led to Plaintiff discovering the claim. Indeed, the claim is untenable considering that Defendant's Website had, at all relevant times, a public privacy policy disclosing the use of the technology at issue. Even if the privacy policy allegedly made an incorrect statement about the scope of information collected, that is an issue of exceeding consent for a disclosed tool, not a surreptitious use of a website tracking technology that would delay discovery dispute due diligence. Plaintiff cites no cases where Courts applied the discovery rule where a defendant disclosed the use of the exact technology at issue in its website. And courts routinely take judicial notice of websites (including the Wayback Machine) in website tracking cases. *See D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1191 (S.D. Cal. 2024). *See* § II(A), *infra*.

Finally, each of Plaintiff's claims also fails under Rule 12(b)(6) for each of the reasons set forth in Defendant's motion and below. *See* § II(C)–(G), *infra*.

## II. ARGUMENT

### A. PLAINTIFF'S CLAIMS ARE TIME BARRED

The discovery rule requires Plaintiff to plead facts demonstrating both (1) the time and manner of discovery and (2) the inability to have made earlier discovery

despite reasonable diligence. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

Plaintiff's conclusory allegations do not support application of the discovery rule. [Opp. at 2–5; *see* Compl. at 32–33]. Plaintiff does not plead facts establishing the time or manner of discovery, nor does he allege with specificity why the alleged conduct could not have been discovered earlier despite reasonable diligence. [*Id.*] Conclusory assertions that the technology is "hidden" or "concealed" are insufficient. *Fox*, 35 Cal. 4th at 808. And Plaintiff never explains what happened that led to his alleged discovery "shortly before filing of the initial complaint." Allegations requiring the "time and manner of discovery" are a necessary element of the discovery rule because it directly correlates as to the reasonableness of Plaintiff in failing to discover the claim within statute of limitations. For example, revelation of previous concealed facts might support the discovery rule's application. On the other hand, discovery by reading a long existing privacy policy would not support a finding of diligence. Here, Plaintiff alleges nothing to meet this prong. *Gaige* is not helpful, as it applies the same standard and allowed the claim only because the plaintiff alleged a specific discovery date and facts showing diligence. *See Gaige v. Exer Holding Co., LLC*, 2025 WL 559719, at *3 (C.D. Cal. Jan. 2025). Yet, the Complaint does not allege a specific discovery date or diligence.

Second, Plaintiff also fails plead any facts demonstrating an "inability to have made earlier discovery despite reasonable diligence." Here again, Plaintiff relies only a conclusory allegation that he was "ignorant of information essential to pursue his claims." [Compl. ¶ 124]. But there is no explanation at all as to how that ignorance was reasonable or what "reasonable diligence" Plaintiff undertook throughout the statutory period. Plaintiffs cannot demonstrate an "inability" and reasonable diligence when Defendant's Website openly disclosed the very use of technology of which Plaintiff complaints.

Each of Plaintiff's arguments regarding the privacy policy are meritless. Defendant has already requested judicial notice, [Mot. at 4 n.3], and courts routinely consider website privacy policies at the pleading stage where, as here, they are central to Plaintiff's claims, *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1191 (S.D. Cal. 2024). Plaintiff cannot avoid the privacy policy by alleging he was not "presented with" it. [Opp. at 4–5]. The discovery rule does not turn on a plaintiff's subjective awareness or review of publicly available disclosures, but on whether the alleged conduct was discoverable via reasonable diligence. *See Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 856 (N.D. Cal. 2020); *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1018–19 (C.D. Cal. 2020). In any event, Plaintiff's own allegations confirm that users are presented with the privacy policy upon accessing the Website, as the Complaint claims Defendant "guarantees" that it will not "share, rent or sell any Personal Information." [*See* Compl. at ¶ 25, Fig. 1]. That same webpage also discloses the use of cookies, third-party data sharing, and Google Analytics. [*Compare Id. with* Mot. at 4 n.3]. Thus, Plaintiff's claims are time-barred.

### B. <u>PLAINTIFF LACKS ARTICLE III STANDING</u>

The Opposition does not cure the absence of a concrete injury sufficient for Article III standing. [Opp. at 5–10]. Plaintiff begins by arguing that a privacy injury is sufficient to satisfy Article III. [Opp. at 6–8]. Plaintiff misses the point. To plausibly allege a privacy injury, one must show that a privacy injury *actually occurred* through the interception of cognizably private information.

The Ninth Circuit's decision in *Popa v. Microsoft Corp*. provides direction. 153 F.4th 784, 791 (9th Cir. 2025). In *Popa*, the Ninth Circuit explained that "[*TransUnion LLC*, 594 U.S. at 424–26; *Spokeo, Inc.*, 578 U.S. at 339–41] contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort." *Id*. *Popa* held that the plaintiff failed to allege standing under a Pennsylvania wiretapping statute (similar to CIPA) because the plaintiff failed to explain how the tracking of her interactions with the PSP website

caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* *Popa* also contained *In re Facebook* to its specific facts. *Id.* at 794.

Plaintiff avoids that his Complaint lacks allegations about *his* experience on Defendant's website. While he alleges that third-party tools were capable of collecting detailed treatment information, he never alleges that he actually provided any treatment-specific input when booking his appointment. [Opp. at 7 (citing Compl. ¶¶ 49, 75, 102, 105)]. Again, the *Mikulsky v. Noom, Inc.* court stated "[t]o survive a motion to dismiss, a plaintiff must identify the 'specific personal information she disclosed that implicates a protectable privacy interest.'" 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023). Plaintiff does not do so here.

Plaintiff's allegations are not comparable to cases involving the disclosure of concrete medical information. In *Rusow v. SkinSpirit Essential LLC*, the court emphasized that the alleged disclosures included a patient's ***specific procedure*** and the ***medical reason for it***. 2025 WL 4657637, at *12–13 (N.D. Cal. Oct. 15, 2025). Plaintiff alleges nothing comparable here. Instead, he points only to appointment-related details, which do not reveal any diagnosis, condition, or treatment. Also, in *Ramirez v. LasikMD USA, Inc.*, the plaintiff alleged that URLs revealed a specific LASIK consultation, thereby tying the data to a particular medical procedure. 2026 WL 194855, at *6–7 (C.D. Cal. 2026).

Here, by contrast, Plaintiff alleges only generalized appointment-related information—such as name, email, phone number, clinic location, and appointment date/time—which do not, without more, reveal a diagnosis, condition, or treatment decision. [Compl. at ¶ 8]. Such routine identifiers or website activity is insufficient to implicate a privacy interest. *See, e.g.*, *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1183 (N.D. Cal. May 2025).

Plaintiff's asserted injury—loss of control over personal information—fails for the same reason. [Opp. at 9–10]. Even if a "loss of control" over privacy

information is sufficient after *Popa*, it requires plausible allegations that his own specific, private information was disclosed by Defendant. . Instead, Plaintiff alleges only generalized appointment-related information, which does not establish the disclosure of substantive private information. [Compl. at ¶ 8]. Plaintiff does not allege that this information was linked to him or caused any harm. Absent such facts, Plaintiff fails to plausibly allege an injury fairly traceable to Defendant and relies on speculation about third-party data practices. *See Hughes v. Vivint, Inc.*, 2024 WL 5179916, at *3–4 (C.D. Cal. July 2024).

Finally, Plaintiff fails to establish standing for injunctive relief. *Brown v. Google LLC* involved a developed factual record showing ongoing, plaintiff-specific data collection. 685 F. Supp. 3d 909, 926 (N.D. Cal. 2023). Here, Plaintiff alleges only a single website visit and speculate misuse. Such speculation is insufficient. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). Absent allegations of disclosure of Plaintiff's own private information or concrete harm, he lacks Article III standing.

**C. <u>PLAINTIFF'S ECPA CLAIM FAILS AS A MATTER OF LAW</u>**

As set forth in the Motion, the ECPA claim is barred by the party exception and consent, and Plaintiff does not meaningfully respond to either dispositive argument. [Opp. at 10–13]. Plaintiff expressly acknowledges that ECPA is a one-party consent statute. [*See id.* at 14]. Plaintiff does not dispute that Defendant consented to the use of the challenged tracking technologies. [*Id.* at 10–13]. There is no ECPA violation where one party to the communication consents, or where the Defendant is a party to the communication. *See* 18 U.S.C. § 2511(2)(d); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020). By failing to address these issues, Plaintiff concedes them. *Benitez v. Cnty. of San Diego*, 2026 WL 252373, at *13 (S.D. Cal. Jan. 30, 2026); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011). Accordingly, the ECPA claim should dismissed.

### D. <u>FAILURE TO ALLEGE SECOND PRONG VIOLATION</u>

Plaintiff does not sufficiently allege the Third Parties' interception of "contents." [Opp. at 14–15]. In *Jones v. Tonal Systems, Inc.*, the court dismissed the claim because the plaintiff alleged only record information rather than user-generated message content. 751 F. Supp. 3d 1025, 1037–38 (S.D. Cal. 2024). Plaintiff does the same here by alleging only routine appointment-related information—such as his name, email address, phone number, clinic location, and appointment date and time—without identifying any actual communication content. [*See* Compl. at ¶ 8].

Plaintiff incorrectly asserts that URLs always qualify as "contents." [Opp. at 14–15]. URLs qualify as "contents" only where they reflect specific user-generated queries. *See Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 837–38 (E.D. Cal. 2025); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 902–03 (C.D. Cal. 2024). Plaintiff alleges no such URLs or content. [Compl. at ¶¶ 8, 108, Fig. 4–8].

No facts plausibly allege that any Third Party "read" the contents of a communication. [Opp. at 15–16]. Allegations that a Third Party "views," "processes," or uses data for advertising are consistent with non-content data and do not show reading of the substance or meaning of a communication. [*See*, *e.g.*, Compl. at ¶¶ 62, 73, 84, 89]. Labeling the allegations as "targeted advertising" or "real-time" does not transform non-content data into "contents."

Additionally, the Complaint fails to plausibly allege Plaintiff's lack of consent. [Opp. at 16]. Courts routinely treat privacy policy disclosures of cookies and tracking as sufficient to establish consent at the pleading stage. *See, e.g.*, *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1055–57, 1058 (N.D. Cal. 2025). Plaintiff disregards the privacy policy disclosures and relies on conclusory assertions of non-consent, omitting the very facts that undermine his claim. [*See* Mot. at 4 n.3].

Also, Plaintiff cannot avoid the party exception. A plaintiff must allege that the ***third party used*** the specific communications at issue for ***independent purposes***,

not merely recite that it engages in advertising or analytics generally. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1121–23 (C.D. Cal. 2024). Here, Plaintiff alleges none. [*See, generally*, Compl.]. That is the kind of conclusory pleading courts reject. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 970–73 (N.D. Cal. 2023).

Plaintiff offers no facts to support his "in transit" theory, relying instead on conclusory labels. [Opp. at 16]. Allegations that data was transmitted "in real time" or "routed" to Third Parties describe ordinary web functionality, not interception. Courts reject such conclusory allegations absent facts showing acquisition during transmission. *See Heiting*, 728 F. Supp. 3d at 1124–27; *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109–11 (C.D. Cal. 2023). At most, the Complaint describes post-transmission processing of data sent to Third Parties, which is insufficient. [Compl. at ¶¶ 10–120]. References to "real time" or figures, without factual detail, do not plausibly establish contemporaneous interception. *See Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758–59 (N.D. Cal. 2023). Plaintiff alleges no contents, reading, lack of consent, or in-transit interception and cannot avoid the party exception. Accordingly, the § 631(a) second prong claim fails as to the Third Parties.

### E. <u>PLAINTIFF'S § 631(a) AIDING & ABETTING CLAIM FAILS</u>

Plaintiff argues that § 631(a) "does not include an intent standard" and conceded that Courts have struggled scienter standard for aiding and abetting. [Opp. at 17 (quoting *St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, at *7 (N.D. Cal. Oct. 1, 2024))]. For this reason alone, § 631(a) fails under the rule of lenity, which requires a construction that favors the defendant. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1118 (N.D. Cal. 2025) ("When courts are called upon to interpret ambiguous criminal statutes in California, the rule of lenity applies—even when the statute is being invoked in a civil action.").

Thus, courts have found *Cousin* unpersuasive, and have held that the traditional criminal intent standard provides the appropriate framework. *See Rodriguez v. Ford Motor Co.*, 2024 WL 4957566, at *10 n.4 (S.D. Cal. Dec. 2024); *Esparza v. UAG Escondido A1 Inc.*, 2024 WL 3761293, at *2 (S.D. Cal. Aug. 2024); *see also Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942–43 (N.D. Cal. 2024). As stated in Defendant's motion, routine use of third-party tools do not constitute substantial assistance or knowledge of unlawful interception. [*See* Mot. at 14–15].

Plaintiff's allegations also fail under the common-law standard. *Mata v. Zillow Grp., Inc.*, 2024 WL 5161955, at *1, *6–7 (S.D. Cal. Dec. 2024), does not help Plaintiff because the *Mata* complaint contained detailed allegations about the technology's operation and the information captured. *Id.* Here, by contrast, Plaintiff alleges only generalized use of tracking for advertising, without facts showing knowledge or substantial assistance.

### F. <u>PLAINTIFF FAILS TO STATE A CLAIM UNDER CIPA § 632</u>

Section 632 requires a context-specific showing of confidentiality based on the nature of the communication. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 774–77 (2002). No substantive medical information or communication from Plaintiff is alleged—only basic appointment details such as name, email address, phone number, clinic location, and appointment date and time. [*See* Compl. at ¶ 8]. Such internet-based interactions are not confidential absent "unique, definite circumstances." *See Thomas v. Papa John's Int'l, Inc.*, 2024 WL 2060140, at *4 (S.D. Cal. May 2024); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7 (N.D. Cal. May 2021); *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 2019). Plaintiff alleges none.

Plaintiff's reliance on Penal Code § 31 fails, [Opp. at 19–20], as the Complaint does not plead an aiding-and-abetting theory under § 31 or facts showing knowing participation. The theory is raised for the first time in opposition. [*Id.*]. Even if § 31 applied, Plaintiff fails to allege that Defendant knowingly intended or participated

in the recording of a confidential communication. And a party also cannot "eavesdrop" on its own conversation. *See Turner v. Nuance Commc'ns, Inc.*, 735 F.Supp.3d 1169, 1181–82 (N.D. Cal. May 2024).

As for derivative liability, [Opp. at 20], the surplusage canon bars interpretations that collapse distinct provisions into the same rule—courts must avoid constructions that cause one provision to "duplicate another provision or to have no consequence." *United States v. Jesenik*, 702 F. Supp. 3d 1024, 1034 n.8 (D. Or. 2023). Section 631(a) expressly includes derivative liability; § 632 does not. Reading § 632 to include that framework would render § 631(a)'s language meaningless. And where the Legislature includes language in one provision but omits it in another, that omission is presumed intentional. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000).

Plaintiff also does not plausibly allege scienter. [Opp. at 20]. Allegations that Defendant used tracking technologies do not show intent to record confidential communications, and conclusory allegations that Defendant "implemented" or "installed" tracking tools are insufficient. *See Smith*, 754 F. Supp. 3d at 943–44. And while Plaintiff tried distinguishing *Smith* by saying that it "did not concern the disclosure of protected health information in violation of HIPAA," [Opp. at 20 n.2], neither does this case as there is no mention of HIPAA in the Complaint, [Compl.]. And in any event, courts require factual allegations of a knowing agreement or purposeful participation in unlawful recording, not routine use of third-party tools. *See Turner*, 735 F.Supp.3d at 1181–85; *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1122 (S.D. Cal. 2023). Plaintiff alleges none.

Finally, the *A.S. v. SelectQuote Ins. Servs.* court stated "[t]he Court joins the majority of California district courts in finding that [§] 632 does not apply to internet communications." *See* 2024 WL 3881850, at *11 (S.D. Cal. Aug. 2024). Although *SelectQuote* dealt with § 632.7, courts often uniformly interpret § 632.7 and § 632.7. *See Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1076 (N.D. Cal. 2020).

Because Plaintiff alleges no confidential communication, no scienter, and no viable basis for derivative liability, the § 632 claim fails.

### G. NO CONSTITUTIONAL INVASION OF PRIVACY

Plaintiff fails to point to any highly-offensive disclosure. [*See* Opp. at 21–22]. Courts find offensiveness only where specific, sensitive medical information is disclosed. *See*, *e.g.*, *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 800–01 (N.D. Cal. 2022). Plaintiff's Complaint relies on broad labels of "PII" and "sensitive appointment information" but does not a plausibly allege the collection of such information. [Opp. at 21–22; *see* Compl. at ¶¶ 7, 9, 28, 108–09, 125–26, 152–53, 180, 186–87, 189, 191]. Rather, the complaint only alleges collection of and routine website data such as URLs and identifiers. *Id*.

Plaintiff also fails to allege the interception of information in which he has a reasonable expectation of privacy. The reasonable expectation of privacy inquiry is inherently context-specific and depends on the nature of the information actually alleged, not labels such as "PII." *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 36–37 (1994). Plaintiff cannot plausibly allege a reasonable expectation of privacy in information voluntarily entered on a commercial website. *See Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 524–25 (C.D. Cal. 2021). And again, Plaintiff ignores that Defendant's privacy policy disclosures of its data collection practices, which entirely undermines any purported expectation of privacy. [*See* Mot. at 4 n.3]. Thus, Plaintiff fails to state a claim for invasion of privacy.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion.

Respectfully submitted,

Dated: April 6, 2026

CLARK HILL LLP

By: /s/ *Myriah V. Jaworski*
Myriah V. Jaworski

Attorney for Defendant Advanced Hair Restoration, LLC

**CERTIFICATE OF COMPLIANCE WITH CHAMBER RULE VII.A.3**

The undersigned, counsel of record for Defendant certifies that this brief contains 2,972 words, which complies with the word limit of the Honorable Otis D. Wright II's Chamber Rule VII.A.3.

Dated: April 6, 2026

CLARK HILL LLP

By: /s/ *Myriah V. Jaworski*
Myriah V. Jaworski

Attorney for Defendant Advanced Hair Restoration, LLC